IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

IRONWOOD HOMES, INC., an Oregon                08-CV-0098-BR
corporation; PATRICK D. HUSKE;
and TAMARA L. HUSKE,                           OPINION AND ORDER

            Plaintiffs,

v.

CRAIG E. BOWEN; PAMELA A. BOWEN,
MICHAEL C. GIBBONS; WELLS FARGO
BANK, N.A.; JAMES M. WILSON;
DONALD W. NELSON; LINKE ENTERPRISES;
INC. (aka FRONTIER LEATHER COMPANY);
STERLING SAVINGS BANK; and ACTION
MORTGAGE COMPANY,

            Defendants.


THOMAS R. BENKE
The Environmental Compliance Organization, LLC
7845 S.W. Capitol Hwy, Ste. 8
Portland, OR 97219
(503) 246-1514

            Attorneys for Plaintiffs Ironwood
            Homes, Inc. (hereinafter referred to
            as Ironwood) and Patrick D. Huske and
            Tamara L. Huske (hereinafter referred
            to collectively as the Huskes)


1 - OPINION AND ORDER

**DANIEL R. SCHANZ**
**TOM C. SPOONER**
Spooner Much & Amman, P.C.
530 Center St., Ste. 722
Salem, OR 97301
(503) 588-5899

>       Attorneys for Defendants Craig E.
>       Bowen and Pamela A. Bowen (hereinafter
>       referred to collectively as the Bowens)

**GEORGE WAYNE MCKALLIP, JR.**
**PATRICK G. ROWE**
Sussman Shank, LLP.
1000 S.W. Broadway, Ste. 1400
Portland, OR 97205
(503) 227-1111

>       Attorneys for Defendant Michael C. Gibbons

**LEE C. NUSICH**
**MICHAEL A. NESTEROFF**
Lane Powell, PC
601 S.W. Second Ave., Ste. 2100
Portland, OR 97204
(503) 778-2119

>       Attorneys for Defendants Wells Fargo
>       Bank, N.A., and James M. Wilson (Wells
>       Fargo/Wilson when referred to collectively)

**BRIAN D. CHENOWETH**
**BROOKS MACINNES FOSTER**
Chenoweth Law Group, PC
510 S.W. Fifth Ave., Fifth Floor
Portland, OR 97204
(503) 221-7958

>       Attorneys for Defendant Donald W. Nelson

2 - OPINION AND ORDER

**DAVID C. WEBER**
**LOREN R. DUNN**
Riddell Williams
1001 Fourth Ave., Ste. 4500
Seattle, WA 98154
(206) 624-3600

          Attorneys for Defendant Linke Enterprises
          of Oregon, Inc., aka Frontier Leather Co.
          (hereinafter referred to as Linke)

**GEANNA N. VAN DESSEL**
**LESLIE R. WEATHERHEAD**
Witherspoon, Kelley, Davenport & Toole
422 West Riverside Ave., Ste. 1100
Spokane, WA 99201
(509) 624-5265

          Attorneys for Sterling Savings Bank
          and Action Mortgage Co.


**BROWN, Judge.**

     This matter comes before the Court on Plaintiffs' Motion

(#200) for Default Judgment against Defendant Linke Enterprises

of Oregon, Inc. (Linke) and Linke's Motion (#222) to Dismiss.[1]

     For the following reasons, the Court **DENIES as moot**

Plaintiffs' Motion for Default Judgment against Linke and **DENIES**

Linke's Motion to Dismiss.

_____

     [1] The complex factual and legal background of this case, and
Linke's activities giving rise to the allegations made by
Plaintiffs in this case is more fully described in the Court's
Opinion and Order (#262) issued on June 14, 2010.

3 - OPINION AND ORDER

## PLAINTIFFS' MOTION FOR
## DEFAULT JUDGMENT AGAINST LINKE

On October 21, 2009, Plaintiffs filed a Motion seeking
default judgment against Linke effective October 30, 2009
(the deadline for Linke to make its first appearance in this
matter) on the ground that "if the court does not otherwise
appoint a 'receiver' who can act as 'client representative'
[by that date], then there will be no answer filed by Linke."
On October 28, 2009, the Court entered an Order relieving Linke
"of its obligation to file an answer until after its Motion
for Appointment of a Client Representative is resolved by the
Court."[2]  The parties are cooperating in seeking an appropriate
client representative for Linke.

Accordingly, the Court **DENIES as moot** Plaintiffs' Motion for
Default Judgment against Linke.


## LINKE'S MOTION (#222) TO DISMISS
## FOR FAILURE TO STATE A CLAIM

Linke moves to dismiss Plaintiffs' claims against Linke
and each of the Crossclaims asserted against it by Wells Fargo/

_____

[2]  At oral argument on April 14, 2010, the Court directed
the parties to confer and to submit a status report by April 28,
2010, on their progress in finding an acceptable client
representative for Linke.  On April 28, 2010, the parties
reported to the Court that they were cooperating in that search.
The Court will hold a further hearing to address issues relating
to that representation after an acceptable representative has
been found.

4 – OPINION AND ORDER

Wilson and Nelson for failure to state claims on which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). Plaintiffs and Defendants Wells Fargo/Wilson and Nelson oppose the Motion.

Linke asserts it is a "dead and buried" corporation under Oregon law with no undistributed assets and, therefore, may not be sued or held liable for environmental-response costs.  The underlying issue is whether certain liability insurance policies, which may provide indemnity coverage to Linke (notwithstanding Linke's status as a "dead and buried" corporation) and are the apparent source of the funding of Linke's defense in this case, constitute undistributed assets of Linke that render it a live entity capable of being sued in this case.

**I.    Federal Law.**

Federal Rule of Civil Procedure 17(b)(2) provides the capacity of a corporation to sue or to be sued is determined "by the law under which it was organized."  In an action in which the plaintiff seeks partial relief under the Comprehensive Environmental Response, Compensation and Liability Act (CERCLA), 42 U.S.C. § 9601, *et seq.,* the Ninth Circuit has held Rule 17(b)(2) requires the court to apply state law when deciding whether the dissolved corporation may be sued for damages. *Levin Metals Corp. v. Parr-Richmond Terminal Co.*, 817 F.2d 1448, 1449 (9th Cir. 1987).  The Court notes *Levin* has been

criticized by other courts generally because the state law that would otherwise apply allowed the dissolved corporation to escape responsibility for its unlawful disposal of hazardous wastes. *See, e.g., Columbia River Svc. Corp. v. Gilman,* 751 F. Supp. 1448, 1453 (W.D. Wa. 1990); *Canadyne-Georgia Corp. v. Cleveland,* 72 F. Supp. 2d 1373, 1382 ((M.D. Ga. 1999)).  That is not the case here.  In any event, this Court is bound to follow the Ninth Circuit's decision.

## II.  <u>Oregon Law</u>.

Oregon Revised Statute § 60.637(2)(e) provides the dissolution of a corporation does not "[p]revent commencement of a proceeding by or against a corporation in its corporate name."

Oregon Revised Statute § 60.645 provides a claim against a dissolved corporation may be enforced "to the extent of its *undistributed assets*" (emphasis added) unless the dissolved corporation gives written notice of its pending dissolution to known claimants (*see* Oregon Revised Statute § 60.641) or publishes such notice to unknown claimants in a newspaper of general circulation (*see* Oregon Revised Statute § 60.644). Oregon Revised Statute § 60.001(7) defines "distribution" of a corporate asset as a "direct or indirect transfer of money or other property."

6 – OPINION AND ORDER

III. **Analysis**.

The parties have not cited and the Court has not found any cases in Oregon that are helpful in addressing the issue as to whether a liability policy of the type that may be involved in this case is a corporate asset capable of being distributed when the corporation is dissolved. Other courts, however, have found liability policies should be listed as assets of a bankrupt estate. *See, e.g., Matter of Shondel,* 950 F.2d 1301, 1305 (7th Cir. 1991)(When "a debtor schedules a liability claim and owns liability insurance to cover that claim, the liability insurance policy should be listed as an asset of the estate.").

Notwithstanding the paucity of case law on this subject, the Court notes it is reasonable to infer Linke's liability insurance polic[ies] are an asset of the company because an attorney paid by the insurance company is currently representing Linke's interests in this case.

Nevertheless, Linke moves to dismiss Plaintiffs' claims against it for failure to state a claim on the ground that Plaintiffs "do not allege that Linke holds any undistributed assets," and, accordingly, Linke lacks the capacity to be sued. The lack of capacity to be sued, however, is a "special matter" that a plaintiff need not allege. Fed. R. Civ. P. 9(a)(1)(A). Thus, to state a claim against Linke, Plaintiffs need not allege Linke has undistributed assets to satisfy a judgment.

On this record, the Court concludes Plaintiffs have satisfied the requirements of Federal Rule of Civil Procedure 12(b)(6) and have adequately stated claims against Linke for indemnity and contribution under both federal and state law.

Accordingly, the Court **DENIES** Linke's Motion to Dismiss.


### CONCLUSION

For these reasons, the Court **DENIES as moot** Plaintiffs' Motion (#200) for Default Judgment against Linke and **DENIES** Linke's Motion (#222) to Dismiss.

IT IS SO ORDERED.

DATED this 14th day of June, 2010.


/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

IRONWOOD HOMES, INC., an Oregon                    08-CV-0098-BR
corporation; PATRICK D. HUSKE;
and TAMARA L. HUSKE,                                OPINION AND ORDER

       Plaintiffs,

v.

CRAIG E. BOWEN; PAMELA A. BOWEN,
MICHAEL C. GIBBONS; WELLS FARGO
BANK, N.A.; JAMES M. WILSON;
DONALD W. NELSON; LINKE ENTERPRISES;
INC. (aka FRONTIER LEATHER COMPANY);
STERLING SAVINGS BANK; and ACTION
MORTGAGE COMPANY,

       Defendants.


THOMAS R. BENKE
The Environmental Compliance Organization, LLC
7845 S.W. Capitol Hwy, Ste. 8
Portland, OR 97219
(503) 246-1514

       Attorneys for Plaintiffs Ironwood
       Homes, Inc. (hereinafter referred to
       as Ironwood) and Patrick D. Huske and
       Tamara L. Huske (hereinafter referred
       to collectively as the Huskes)

1 - OPINION AND ORDER

**DANIEL R. SCHANZ**
**TOM C. SPOONER**
Spooner Much & Amman, P.C.
530 Center St., Ste. 722
Salem, OR 97301
(503) 588-5899

> Attorneys for Defendants Craig E.
> Bowen and Pamela A. Bowen (hereinafter
> referred to collectively as the Bowens)

**GEORGE WAYNE MCKALLIP, JR.**
**PATRICK G. ROWE**
Sussman Shank, LLP.
1000 S.W. Broadway, Ste. 1400
Portland, OR 97205
(503) 227-1111

> Attorneys for Defendant Michael C. Gibbons

**LEE C. NUSICH**
**MICHAEL A. NESTEROFF**
Lane Powell, PC
601 S.W. Second Ave., Ste. 2100
Portland, OR 97204
(503) 778-2119

> Attorneys for Defendants Wells Fargo
> Bank, N.A., and James M. Wilson (Wells
> Fargo/Wilson when referred to collectively)

**BRIAN D. CHENOWETH**
**BROOKS MACINNES FOSTER**
Chenoweth Law Group, PC
510 S.W. Fifth Ave., Fifth Floor
Portland, OR 97204
(503) 221-7958

> Attorneys for Defendant Donald W. Nelson

2 - OPINION AND ORDER

**DAVID C. WEBER**
**LOREN R. DUNN**
Riddell Williams
1001 Fourth Ave., Ste. 4500
Seattle, WA 98154
(206) 624-3600

> Attorneys for Defendant Linke Enterprises
> of Oregon, Inc., aka Frontier Leather Co.
> (hereinafter referred to as Linke)

**GEANNA N. VAN DESSEL**
**LESLIE R. WEATHERHEAD**
Witherspoon, Kelley, Davenport & Toole
422 West Riverside Ave., Ste. 1100
Spokane, WA 99201
(509) 624-5265

> Attorneys for Sterling Savings Bank
> and Action Mortgage Co.


**BROWN, Judge.**

This matter comes before the Court on Plaintiffs' Motion
(#200) for Default Judgment against Defendant Linke Enterprises
of Oregon, Inc. (Linke) and Linke's Motion (#222) to Dismiss.[1]

For the following reasons, the Court **DENIES as moot**
Plaintiffs' Motion for Default Judgment against Linke and **DENIES**
Linke's Motion to Dismiss.

---

[1] The complex factual and legal background of this case, and
Linke's activities giving rise to the allegations made by
Plaintiffs in this case is more fully described in the Court's
Opinion and Order (#262) issued on June 14, 2010.

3 - OPINION AND ORDER

## PLAINTIFFS' MOTION FOR
## DEFAULT JUDGMENT AGAINST LINKE

On October 21, 2009, Plaintiffs filed a Motion seeking default judgment against Linke effective October 30, 2009 (the deadline for Linke to make its first appearance in this matter) on the ground that "if the court does not otherwise appoint a 'receiver' who can act as 'client representative' [by that date], then there will be no answer filed by Linke." On October 28, 2009, the Court entered an Order relieving Linke "of its obligation to file an answer until after its Motion for Appointment of a Client Representative is resolved by the Court."[2]  The parties are cooperating in seeking an appropriate client representative for Linke.

Accordingly, the Court **DENIES as moot** Plaintiffs' Motion for Default Judgment against Linke.

## LINKE'S MOTION (#222) TO DISMISS
## FOR FAILURE TO STATE A CLAIM

Linke moves to dismiss Plaintiffs' claims against Linke and each of the Crossclaims asserted against it by Wells Fargo/

---

[2]  At oral argument on April 14, 2010, the Court directed the parties to confer and to submit a status report by April 28, 2010, on their progress in finding an acceptable client representative for Linke.  On April 28, 2010, the parties reported to the Court that they were cooperating in that search. The Court will hold a further hearing to address issues relating to that representation after an acceptable representative has been found.

4 - OPINION AND ORDER

Wilson and Nelson for failure to state claims on which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). Plaintiffs and Defendants Wells Fargo/Wilson and Nelson oppose the Motion.

Linke asserts it is a "dead and buried" corporation under Oregon law with no undistributed assets and, therefore, may not be sued or held liable for environmental-response costs. The underlying issue is whether certain liability insurance policies, which may provide indemnity coverage to Linke (notwithstanding Linke's status as a "dead and buried" corporation) and are the apparent source of the funding of Linke's defense in this case, constitute undistributed assets of Linke that render it a live entity capable of being sued in this case.

I.   **Federal Law.**

Federal Rule of Civil Procedure 17(b)(2) provides the capacity of a corporation to sue or to be sued is determined "by the law under which it was organized." In an action in which the plaintiff seeks partial relief under the Comprehensive Environmental Response, Compensation and Liability Act (CERCLA), 42 U.S.C. § 9601, *et seq.,* the Ninth Circuit has held Rule 17(b)(2) requires the court to apply state law when deciding whether the dissolved corporation may be sued for damages. *Levin Metals Corp. v. Parr-Richmond Terminal Co.*, 817 F.2d 1448, 1449 (9th Cir. 1987). The Court notes *Levin* has been

5 - OPINION AND ORDER

criticized by other courts generally because the state law that would otherwise apply allowed the dissolved corporation to escape responsibility for its unlawful disposal of hazardous wastes. *See, e.g., Columbia River Svc. Corp. v. Gilman,* 751 F. Supp. 1448, 1453 (W.D. Wa. 1990); *Canadyne-Georgia Corp. v. Cleveland,* 72 F. Supp. 2d 1373, 1382 ((M.D. Ga. 1999)).  That is not the case here.  In any event, this Court is bound to follow the Ninth Circuit's decision.

## II.  **Oregon Law.**

Oregon Revised Statute § 60.637(2)(e) provides the dissolution of a corporation does not "[p]revent commencement of a proceeding by or against a corporation in its corporate name."

Oregon Revised Statute § 60.645 provides a claim against a dissolved corporation may be enforced "to the extent of its *undistributed assets*" (emphasis added) unless the dissolved corporation gives written notice of its pending dissolution to known claimants (*see* Oregon Revised Statute § 60.641) or publishes such notice to unknown claimants in a newspaper of general circulation (*see* Oregon Revised Statute § 60.644). Oregon Revised Statute § 60.001(7) defines "distribution" of a corporate asset as a "direct or indirect transfer of money or other property."

6 - OPINION AND ORDER

III. __Analysis__.

The parties have not cited and the Court has not found any
cases in Oregon that are helpful in addressing the issue as to
whether a liability policy of the type that may be involved in
this case is a corporate asset capable of being distributed when
the corporation is dissolved.  Other courts, however, have found
liability policies should be listed as assets of a bankrupt
estate.  *See, e.g., Matter of Shondel,* 950 F.2d 1301, 1305
(7th Cir. 1991)(When "a debtor schedules a liability claim and
owns liability insurance to cover that claim, the liability
insurance policy should be listed as an asset of the estate.").

Notwithstanding the paucity of case law on this subject,
the Court notes it is reasonable to infer Linke's liability
insurance polic[ies] are an asset of the company because an
attorney paid by the insurance company is currently representing
Linke's interests in this case.

Nevertheless, Linke moves to dismiss Plaintiffs' claims
against it for failure to state a claim on the ground that
Plaintiffs "do not allege that Linke holds any undistributed
assets," and, accordingly, Linke lacks the capacity to be sued.
The lack of capacity to be sued, however, is a "special matter"
that a plaintiff need not allege.  Fed. R. Civ. P. 9(a)(1)(A).
Thus, to state a claim against Linke, Plaintiffs need not allege
Linke has undistributed assets to satisfy a judgment.

7 – OPINION AND ORDER

On this record, the Court concludes Plaintiffs have satisfied the requirements of Federal Rule of Civil Procedure 12(b)(6) and have adequately stated claims against Linke for indemnity and contribution under both federal and state law.

Accordingly, the Court **DENIES** Linke's Motion to Dismiss.

## CONCLUSION

For these reasons, the Court **DENIES as moot** Plaintiffs' Motion (#200) for Default Judgment against Linke and **DENIES** Linke's Motion (#222) to Dismiss.

IT IS SO ORDERED.

DATED this 14th day of June, 2010.

/s/ Anna J. Brown

_____

ANNA J. BROWN
United States District Judge

8 - OPINION AND ORDER